UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 4:05CV00322 CEJ/FRB |
| ) | |
| v. ) | |
| ) | |
| AL LUEBBERS, et al., ) | |
| ) | |
| Respondents.[1] ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently before this Court is the petition of Missouri state prisoner Joseph Moore ("petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1-1 ("Petition"), filed February 22, 2005.) Petitioner is represented herein by attorney James M. Martin, who also represented petitioner during his trial and direct appeal. All pretrial matters have been referred to the undersigned United States Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. § 636(b).

On August 21, 2002, following a jury trial in the Circuit Court of the City of St. Louis, Missouri, petitioner was found guilty of involuntary manslaughter and two counts of second degree assault. The jury found that, on the evening of December 23, 1999, petitioner,

---

[1]Because petitioner is challenging future consecutive sentences, Missouri Attorney General Jeremiah W. Nixon should be added as a party respondent. 28 U.S.C. § 2254, Rule 2(b).

-1-

driving while intoxicated, was involved in a multi-car, chain reaction traffic accident which killed Katherine Krause, and injured Robert Krause and Christi Coleman.[2] (Respondent's Exhibit ("Resp. Exh.") A at 427; Resp. Exh. B at 4, 71-73.) Petitioner testified on his own behalf. (Resp. Exh. A at 321-84.) On October 18, 2002, the Honorable Steven R. Ohmer sentenced petitioner to one term of three years, and two one-year terms, the sentences to run consecutively. (Resp. Exh. A at 430-47; Resp. Exh. B at 2-3, 20-22.) Petitioner is presently incarcerated in the Farmington Correctional Center in Farmington, Missouri.

Petitioner appealed his convictions and sentences to the Missouri Court of Appeals, and raised the following three grounds for relief, quoted herein directly from petitioner's appellate brief:

> 1. The court erred in failing to direct a verdict or judgment of acquittal on defendant's behalf in that there was no evidence of criminal negligence, and therefore the state failed to meet its burden of proof on the charges of involuntary manslaughter, and assault 2nd.
>
> 2. The court erred in failing to direct a verdict or judgment of acquittal on defendant's behalf in that there were sufficient intervening causes so as to exculpate defendant from criminal liability.
>
> 3. The court erred in admitting testimony and records regarding defendant's blood tests in that the first blood sample extracted was for medical purposes to which defendant had a

---

[2]The Complaint against petitioner was not filed until June 27, 2001, and petitioner was not indicted until August 15, 2001. (Resp. Exh. B at 7.) Following his conviction, petitioner was allowed to remain free on bond during his direct appeal, which concluded on December 16, 2003. (Resp. Exh. F; Resp. Exh. B at 2, 7, 15.) The Petition indicates that petitioner began serving his prison term on January 7, 2004. (Petition at 2.)

-2-

> reasonable expectation of privacy and that the procedure for the first and second blood withdrawal was not pursuant to the requirements of section 577.029 R.S.Mo. and the test results were unreliable and should have been excluded.

(Resp. Exh. D at 6-8.)

On December 16, 2003, the court affirmed petitioner's convictions and sentences. (Resp. Exh. F); State v. Moore, 128 S.W.3d 115 (Mo. Ct. App. 2003). Petitioner did not file a post-conviction motion. Petitioner's motion for rehearing/transfer to the Supreme Court was denied on February 11, 2004, and his application for transfer was denied on March 30, 2004. See Moore, 128 S.W.3d 115.

Petitioner filed the instant Petition in this Court on February 22, 2005. Therein, petitioner challenges the trial court's admission of police officer Ronald Gilmore's expert testimony concerning the speed of petitioner's vehicle prior to impact.[3] Petitioner identifies his claims as due process claims. The relevant portion of the Petition reads as follows:

> Due Process claims asserted deal with the admission into evidence by the Trial Court of "guesses" and hypothetical propositions not supported by facts or scientific evidence, and not properly qualified as "expert testimony" under Missouri or Federal law.
>
> A. Specifically, Police Officer Gilmore was called as the primary investigating officer at the scene of the accident for testimony at

---

[3] Whether petitioner was speeding prior to impact was an issue crucial to the determination of whether petitioner could be held criminally liable for the death and injuries resulting from the accident. During petitioner's trial, Officer Gilmore testified that he estimated petitioner had been traveling 70 miles per hour or more, and that this was in excess of the allowable speed limit. (Resp. Exh. A at 128.)

-3-

>trial, but Officer Gilmore was not previously listed as an expert, nor was notice provided that he would present an expert opinion as to the speed of Petitioner's vehicle at the time of accident. Despite objection and request for mistrial, Officer Gilmore was allowed to render expert testimony on the issue of speed, an issue crucial to the determination of "criminal negligence."
>
>B. Further, the expert testimony offered by Officer Gilmore was not based on facts or scientific evidence, but merely on his own "guesswork", and therefore did not meet the requirements and minimum standards for expert testimony under <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993); Fed. R. Evid. 702; <u>Kumbo Tire v. Carmichael</u>, 526 U.S. 137 (1999); <u>Frye v. United States</u>, 293 F. 1013 (C.A. D.C., 1923); <u>State Board of Registration for the Healing Arts v. McDonagh</u>, MLW39357, and § 490.065 R.S.Mo., the Missouri Statute governing admissibility of evidence and experts.
>
>. . .
>
>The adjudication in the criminal matter resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law and the U.S. Constitution, and said adjudication resulted in a denial of Due Process rights to a fair trial and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

(Petition at 3-4, paragraphs 9 and 13.)

The undersigned will consider each of petitioner's challenges to the admission of Officer Gilmore's testimony as a separate ground for relief. The undersigned will refer to petitioner's challenge to Officer Gilmore's testimony noted in "A" (that the officer was not properly endorsed and the defense was not notified regarding the nature of his testimony) as Ground 1, and his

claim in "B" (that the officer's testimony was merely a guess and was not based upon facts or scientific evidence) as Ground 2.

Respondent contends that petitioner's claims are procedurally barred from review because they were not fairly presented on direct appeal. Respondent alternately argues that neither claim is cognizable in these proceedings, as both claims involve challenges to the application of state law.

### I. Exhaustion Analysis

Before this Court may grant relief on the merits of a petition for a writ of habeas corpus, a petitioner must first exhaust his state law remedies. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a petitioner has fairly presented his claim first in state court, or if there are no currently available non-futile state remedies. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). A review of the record reveals that petitioner's claims are exhausted because he has no available non-futile state remedy via which to pursue his claims. The undersigned further notes that respondent concedes the exhaustion of both of petitioner's claims.

### II. Procedural Default Analysis

A claim is procedurally barred from federal habeas review unless the petitioner has, at each step of the judicial process, fairly presented the substance of the claim to the state courts. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994); Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (citing Anderson v. Groose, 106

F.3d 242, 245 (8th Cir. 1997)). A claim is deemed "fairly presented" to the state courts when a petitioner has "properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." Wemark, 322 F.3d at 1020-21 (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)). It is important that the federal claim the petitioner seeks to advance in federal court is actually the same claim, involving the same factual basis and legal theory, that was raised in state court. See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997)("Mere similarity between the state law claims and the federal habeas claims is insufficient.") A habeas petitioner cannot avoid procedural default by raising a claim in federal court which was raised in state court under a different legal theory. Sweet v. Delo, 125 F.3d 1144, 1153, n. 12 (8th Cir. 1997)(citing Abdullah v. Groose, 75 F.3d 408 (8th Cir. 1996)).

This requirement ensures that the state courts have been alerted to "the federal nature of each claim," and have had a "fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." Palmer v. Clarke, 408 F.3d 423, 430 (8th Cir. 2005) (quoting Baldwin v. Reese, 541 U.S. 27, 29, (2004) and Wemark, 322 F.3d at 1020-21). As the United States Supreme Court has stated, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 365-66

-6-

(1995).

## A. Ground 1 - Officer Gilmore's expert testimony was inadmissible due to lack of notice

In Ground 1, petitioner argues that the trial court erred in admitting Officer Gilmore's expert testimony because the state failed to list Officer Gilmore as an expert witness, and failed to notify the defense that he would offer expert testimony regarding the speed of petitioner's vehicle preceding impact. A review of the record reveals that petitioner's claim in Ground 1 is procedurally barred from review.

On direct appeal, petitioner indeed challenged the admission of Officer Gilmore's expert testimony, but he advanced a different legal theory. In state court, petitioner challenged the admission of Officer Gilmore's testimony on the grounds that it lacked the proper foundation, not because of lack of notice or proper endorsement. See (Resp. Exh. D.) Although the claim petitioner attempts to raise in Ground 1 is similar because it challenges the admission of Officer Gilmore's testimony, it is based upon a completely different legal theory than was presented in state court, and it therefore cannot be said that petitioner fairly presented the claim in state court. As noted, supra, to properly preserve a claim for habeas review, a petitioner must present the same factual grounds and legal theories that he presented in state court. See Wemark, 322 F.3d at 1020-21 (quoting Joubert, 75 F.3d at 1240); see also McCall, 114 F.3d at 757 ("Mere similarity between the state law claims and the federal habeas claims is insufficient" to preserve a claim for

habeas review.)

Petitioner's claim in Ground 1 is therefore procedurally barred from review by this Court, unless petitioner can show cause for his default and actual prejudice resulting therefrom, or demonstrate "that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996); Jolly v. Gammon, 28 F.3d at 53. Petitioner fails to acknowledge the fact that this claim was not raised on direct appeal, and makes no attempt to assert cause to excuse his procedural default. In the absence of an attempt to show cause, this Court need not consider the issue of prejudice. See Engle v. Isaac, 456 U.S. 107, 134 n. 43 (1982); see also Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998). Furthermore, petitioner makes no discernible attempt to demonstrate that he is actually innocent of the crimes, and therefore attempt to avail himself of the "fundamental miscarriage of justice" exception to showing cause and prejudice.

Petitioner's claim in Ground 1 is therefore procedurally barred from review and should be denied without consideration of its merits.

## B. Ground 2 - Officer Gilmore's expert testimony was inadmissible due to lack of foundation

In Ground 2, petitioner challenges the admission of Officer Gilmore's expert testimony on the grounds that it was unsupported by facts or scientific evidence. Respondent contends that petitioner's

claim is procedurally barred because he failed to raise it as an independent ground for relief on direct appeal, and mentioned it only in the context of his first point on appeal. A review of the record reveals that Ground 2 is indeed procedurally barred from review, but it is barred because petitioner failed to present the constitutional dimensions of his claim to the Missouri state court.

In the "Points Relied On" section of his appellate brief in state court, petitioner presented three points, as quoted, supra. The first point is relevant to this discussion and reads as follows: "The court erred in failing to direct a verdict or judgment of acquittal on defendant's behalf in that there was no evidence of criminal negligence, and therefore the state failed to meet its burden of proof on the charges of involuntary manslaughter, and assault 2nd." (Resp. Exh. D at 6, 9.) In the "Argument" portion related to this point, petitioner included the following subsection, entitled "Speeding," in which he advanced an argument similar in many respects to the one he attempts to raise in Ground 2 of his Petition. The subsection reads as follows:

> The State was also required to prove that Defendant Moore was speeding at the time of the accidents on the night in question. Officer Gilmore, who was not present prior to or at the time of the accidents, but was on the scene later, had offered an opinion in his testimony that Defendant Moore was traveling at 70 miles an hour plus at the time of the accident. Although anyone may offer their opinion as to the speed of a vehicle in a civil or criminal matter, a proper foundation must be laid showing that the witness must have either seen the car traveling in order to estimate a speed. State v. Luna, 800 S.W.2d 16 (MO. 1990). In the case

-9-

at bar, Officer Gilmore did not witness the accident, and thus there was no proper foundation possible for him to base an estimate of speed. Further, if Officer Gilmore's opinion as to speed is based on his expertise, then the State again failed to lay the proper foundation, and Officer Gilmore himself was not in possession of proper facts or figures upon which to base an expert opinion. An expert witness must be properly qualified and can testify when the subject matter of the opinion would aid the jury in the determination of issues before it, requiring both relevance and reliability for such opinion. <u>Daubert v. Merrell Dow Pharm.</u>, 113 S.Ct. 2786, 509 U.S. 57 (1993). An expert witness may base their opinion on hypothesized dates or facts, but those items must be in the record of admissible evidence in the case. <u>Lidell v. T. Mack, Inc.</u>, 931 S.W.2d 496 (W.D. 1996). Also, the evidence relied on by the expert in forming his opinion, must be based on accepted facts, formulas or theories reasonably relied upon by experts in the field. <u>Peterson v. National Carriers, Inc.</u>, 972 S.W.2d 349 (W.D. 1998). In the instant case, neither the State nor Office [sic] Gilmore offered any measurement, test or formula at all, let alone accepted and relied upon by other experts in this field, as to a foundation or basis to arrive at the opinion of speed.

    As previously mentioned, Officer Gilmore did not see Defendant's vehicle traveling on Highway I-55 prior to the incident, and thus has no eye witness testimony as to the alleged speed. Although the State attempted to lay a foundation for Officer Gilmore as an expert in accident reconstruction, which he may well be, the foundation for same is pointless, if he did not actually apply the principles of accident reconstruction to obtain the proper measurements to plug into the formula to arrive at the likely speed of a vehicle at the time of an accident. Officer Gilmore specifically testified that he did not determine the co-efficient of friction or take the proper measurements necessary, nor use any accepted formula at arriving at his opinion as to speed. (T. 123, 128, 153-156). In fact, he testified that his opinion was merely guesswork. (T. 153-156). His opinion is

-10-

>unsupported, was objected to and should not have been admitted.
>
>(Id. at 12-14.)[4]

According to Missouri's briefing rules, and as noted by the state in its responsive brief on direct appeal, the fact that petitioner failed to present his claim regarding lack of foundation in the "Points Relied On" section of his brief and instead raised it in the "Argument" portion permitted the Missouri Court of Appeals to ignore the claim.[5] In the instant case, respondent argues that petitioner's failure to raise the claim as an "independent ground" on direct appeal causes the instant procedural default. However, the fact that petitioner presented his argument for the first time in the "Argument" section of his brief would not, alone, preclude the exercise of this Court's jurisdiction.

A habeas petitioner's failure to present his claim in a manner acceptable under Missouri law does not demand a finding that the claim is defaulted for purposes of federal habeas corpus. Morrow v. Wyrick, 646 F.2d 1229, 1231-32 (8th Cir. 1981) (quoting Houston v. Estelle, 569 F.2d 372, 375 (5th Cir. 1978) ("While a state court undeniably has the power, within constitutional limits, to prescribe

---

[4]In addition, review of the record reveals that petitioner's attorney repeatedly objected at trial to the admission of Officer Gilmore's testimony on the issue of speed, and twice moved for a mistrial due to the introduction of this evidence. (Resp. Exh. A at 125-27; 157-58.) Petitioner also raised this issue in his motion for a new trial. (Resp. Exh. B at 26-28.)

[5]The state cited Dinwiddie v. State, 905 S.W.2d 879, 881 (Mo. Ct. App. 1995) ("Errors raised for the first time in the argument portion of the brief that are not raised in the Point Relied On need not be addressed.") (Resp. Exh. E at 14.)

the form of briefs presented to it, it does not necessarily follow . . . that perfect compliance with such rules of briefing is always a prerequisite to the exercise of federal habeas corpus jurisdiction.")) When determining whether a claim has been fairly presented to the state courts, a federal court should examine the petitioner's brief in the state court to determine whether the claim was "discernible." Morrow, 646 F.2d at 1232 (finding that the district court properly reached the merits of the petitioner's claim, although he violated state appellate court rules, in view of fact that petitioner's "basic argument" was discernible from his state appellate brief.)

Examination of petitioner's brief in state court reveals that his claim was undoubtedly discernible, inasmuch as the "Argument" portion contained his basic argument regarding lack of foundation. However, petitioner's claim is procedurally barred because petitioner failed to apprise the state court that, not only was he challenging the evidentiary ruling on state law grounds, he was claiming that the ruling denied him the due process of law guaranteed by the Fourteenth Amendment. "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan, 513 U.S. at 366 (citing Anderson v. Harless, 459 U.S. 4 (1982)). Petitioner's state appellate brief wholly fails to mention the issue of due process of law, or the Fourteenth Amendment,

or even a United States Supreme Court case discussing the Fourteenth Amendment due process implications of the erroneous admission of evidence in a state criminal trial. The only United States Supreme Court case petitioner mentions is <u>Daubert</u>, 509 U.S. 57, which has no applicability to Fourteenth Amendment due process. <u>Daubert</u> analyzes Rule 702 of the Federal Rules of Evidence, and sets forth the standard for the admission of expert testimony in federal trials. It is not relevant to the question of whether a state court's evidentiary ruling denied a criminal defendant the due process of law guaranteed by the Fourteenth Amendment, and its mention therefore cannot be said to have alerted the Missouri state court to the constitutional dimensions of petitioner's claim.

Because petitioner failed to alert the Missouri state court that he was asserting a claim under the United States Constitution, it cannot be said that petitioner fairly presented his claim to the state court and gave it the opportunity to address and correct the alleged violation of his right to due process of law guaranteed by the Fourteenth Amendment. <u>See</u> <u>Duncan</u>, 513 U.S. at 365-66. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." <u>Duncan</u>, 513 U.S. at 365-66. Furthermore, petitioner makes no attempt to demonstrate cause to excuse his procedural

default,[6] nor does he make any discernible attempt to avail himself of the "fundamental miscarriage of justice" exception to a showing of cause and prejudice.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that petitioner Joseph Moore's Petition for Writ of Habeas Corpus be dismissed without further proceedings.

The parties are advised that they have to and including December 17, 2007, to file objections to this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_____
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of December, 2007.

---

[6] In the absence of cause, this Court need not consider the issue of prejudice. See Engle, 456 U.S. at 134 n. 43; see also Ashker, 152 F.3d at 871.